*Johnson, for appellees.*

---

## JOHN B. FAY *v.* CITY OF LOUISVILLE.

**Nuisance—Parties to Action.**

In an action to abate a nuisance, where it is conceded that a certain person has an interest in the property alleged to constitute the nuisance and that his offer to prove that he is in a position to assume part of it, he was properly made a party, and the court ought not to dismiss the case as to him, notwithstanding admissions of his hostile landlord.

**Nuisance—Parties to Action.**

A statute requiring that the "owner and owners" of a building sought to be abated as a nuisance must be summoned as parties to the proceedings, includes tenants as well as the landlord.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 1, 1873.

OPINION BY JUDGE LINDSAY:

Upon the trial in the city court it was agreed that Alexander was the owner of the house charged to be a nuisance. That Sheckler was his tenant, and Fay, the appellant, the sub-tenant holding under Sheckler.

The proceeding was dismissed as to the tenant and sub-tenant. Whereupon Alexander, the owner, confessed the truth of the statements contained in the warrant, and thereby invited the judgment of the court directing the house to be torn down and removed. It being conceded that appellant had an interest in the property, and he

offering to prove facts conducing to show that he was in the actual possession of some portion of it, he was properly made a party, and the court ought not to have dismissed as to him, and thereby deprived him of an opportunity to be heard. The judgment, if carried into effect, will disturb his possession, and destroy his interest in this house, whatever it may be, and it is contrary to common justice to compel him to submit to such disturbance and loss upon the admissions of a hostile landlord, the more especially when he avows his readiness and ability to show by competent evidence that these admissions are untrue.

Ordinance No. 237 (Elliott's Digest, 710), under which the proceeding was instituted, provides that "the owner or owners" of the property charged to be a nuisance shall be summoned. To confine the words "owner or owners" to the holders of the fee, or even of freehold estates, would render it unnecessary in any case to summon the tenant or occupant of the tenement or building, and persons holding as lessees for five, ten or twenty years, might have the tenements or buildings occupied by them adjudged nuisances, and directed to be abated, before they had even an intimation that they were regarded by any one as "unsafe or dangerous to the lives or bodies of persons passing on the streets in front of them."

Such an absurdity could not have been intended. The "owner and owners" who must be summoned, are those owning interests in the property, including as well the tenants as the landlord.

The proceeding in this case having been dismissed as to Fay, no judgment affecting his rights ought to have been rendered.

As the judgment appealed from can not be executed without disturbing his possession it is prejudicial to him, and he has the right to have it revised by this court. It was error to overrule his motion to set aside the order dismissing the warrant as to him. He had the right to be heard, and could not legally be deprived of this right by the extraordinary means adopted.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

*Milburn, for appellant.*

*J. L. Barrett, for appellee.*